OPINION of the Court, by
Judge Owsley.;-
— This was an action on the case, brought by the defendant in error against the plaintiff in error in the court below. The declaration contains several counts : the first in tort, the others in assumpsit for money had and received, money laid out and expended, &c. Not guilty was pleaded to the first count, and non assumpsit to the others. Issues were joined to each of the pleas, and verdict and judgment obtained by the plaintiff in. that court. From this judgment Ryle has prosecuted this writ of error.
Counts for ion and in cm. johttd^irf th¿ fame declara-tlon, and the ted by the fta-yute of jeofails.'
It appears from the record that the plaintiff in error. bad, before the commencement of this action in the court below, recot'ered judgment in an action for slander against the defendant in error, and collected the amount thereof ; and on the trial of this ^ause in the court below, the plaintiff there contended, and obtained the instructions of the court to that effect, that if (he former judgment recovered by livle was obtained by fraud and oppression, and through the deceit or Kyle, the plaintiff in the court below had a right to recover back the amount thereof.
The first question, therefore, proper to be noticed by this court, is, whether or not the instructions of that court were correct ?
It is highly essential to the peace and quiet of the citizens of any country, that the judicial decisions of their courts of competent jurisdiction should remain conclusive as to the subject matter in contest, so long as they continue in full force and unreversed. This rule in its operation cannot be attended with any very serious prejudicial consequences : for if by the trick or artifice of one party, an iniquitous judgment should be procured against his adversary, ample relief is afforded in the power of the court of law, if ~the artifice is discovered during the term, or if not until afterwards discovered, in the power of the chancellor to award a new trial. But should a different rule prevail, and the merits ofajudgment'be again permitted to be brought into contest in a new action, those so unfortunate as once to be engaged in a contest would have no security of a final determination, but liable at the whim or pleasure of their adversary to be involved in perpetual litigation. It is true the action for money had and received, has been, and perhaps properly, indulged in modern times to a very liberal extent; but it is believed no case exists where relief has been given to recover money received under the judgment of a court of competent jurisdiction. If, however, such a case could be found, it is conceived it would be an unwarrantable perversion of the soundest of legal principles, and as a precedent should not be regarded.
In the case of Moses and M’Ferlan, (2 Burrow 1005) where the court extended the doctrine in this species of action as far perhaps as any other, Lord Mansfield, in *349 delivering the opinion of the court, says, “ it is most clear that the merits of a judgment can never be over-haled by an original suit, either at law or in equity ; and that till the judgment is set aside or reversed, it is conclusive as to the subject matter of it, to all intents and purposes.” And though the court in that case maintained the action to recover money received under a judicial process, it was on the grounds of a defect in the jurisdiction of that court before whom the former recovery was had. We think, therefore, the court erred in giving the instructions to the jury.
It is also assigned for error that the declaration is defective, the first count being in tort and. the others in contract. It is clear, according to the rules of the common law, that such counts cannot be joined in the same declaration ; nor has any error of that kind ever been held to be cured by any of the statutes of jeofails in England. Unless, therefore, the error is cured by the statute of 1799, it must still be deemed fatal. That statute has however never been held to cure an error in the form of action, but this court has uniformly acted on the supposition that in such a case the doctrine of the common law applies in its full force.
If, then, errors in the fprm of action are not cured by that statute, it is clear the declaration in the present case is manifestly erroneous ; for it is evident the first count furnishes no cause of action in the present form of action, but to recover for the injury therein stated an action of trespass vi et armis should have been brought.
As, therefore, the counts are incompatible, and as the action is clearly misconceived as to the first count, we are of opinion the error is not cured by the statute of 1799.
The judgment must therefore be reversed, the cause remanded to the court below and the plaintiff there have leave to amend his declaration, should he apply for leave so to do. The plaintiff here must recover his posts in this court.